Antony Lembersky, Esq. (AL5885)
WONG, WONG & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
*K and J Fashion Company Limited*
150 Broadway, Suite 1588
New York, New York 10038
Tel.:    (212) 566-8080
Fax.:   (212) 566-8960
EMAIL: alembersky@wongwonglaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| K AND J FASHION CO. LTD,<br><br>  Plaintiff,<br><br>v.<br><br>FRAGMENTS HOLDING LLC,<br><br>  Defendant. | Civil Action No. 19-198<br><br>**COMPLAINT**<br><br>JURY TRIAL WAIVED |

Plaintiff K and J Fashion Co. Ltd. (hereinafter referred as to the "Plaintiff"), a company organized in China, by and through its undersigned counsel, Wong, Wong & Associates, P.C., alleges the following as its Complaint against Defendant FRAGMENTS HOLDERING LLC (hereinafter referred as the "Defendant"):

### NATURE OF THE ACTION

1. This is a civil action for breach of contract and unjust enrichment for which Plaintiff seeks monetary relief, including, interest, costs, and reasonable attorneys' fees.

## THE PARTIES

2. Plaintiff is a Chinese company organized in Yiwu, Zhejiang Province with a principal place of business at #3 Building, #8 Jinhui Road, Heyetang Industrial Area, Yiwu City, Zhejiang Province, P. R. China 322000.

3. Defendant is a limited liability company organized and existing under the State of New York and has its principal place of business located at 42 West 39th Street, 8th Floor, New York, New York, 10018.

## JURISDICTION

4. The jurisdiction of this Court lies under 28 U.S.C. § 1332, diversity of citizenship, in that Plaintiff is a Chinese company and Defendant is a citizen of New York. The amount in controversy exceeds $75,000.00, exclusive of costs and interest.

## VENUE

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) because: (i) Defendant is resident of the State of New York Southern District; and (ii) a substantial part of the events or omissions giving rise to the claim occurred in the Southern District.

## STATEMENT OF FACTS

6. In or around March 2017, Plaintiff and Defendant started a business relationship as a vendor-consignee in a fashion accessory industry. Plaintiff and Defendant entered into numerous contracts and fully satisfied each obligation to the other on repeated occasions.

7. Plaintiff and Defendant agreed that Defendant should make full payment to Plaintiff within forty-five (45) days of the shipment date.

8. On March 30, 2018, Plaintiff and Defendant entered a contract for the sale of accessories to Defendant's designated destination for $32,212.80.

9. Between March 30, 2018, to October 19, 2018, Plaintiff and Defendant entered into a total of twenty-one (21) contracts (hereinafter collectively referred as to "Contracts") for the sale of accessories to Defendant's designated destinations for a total of $95,367.70. A true and accurate copy of the Contracts is attached hereto as **Exhibit "A."**

10. On September 27, 2018, Defendant by its managing partner admitted to Plaintiff that Defendant owes Plaintiff $80,319.40. A copy of Defendant's statement is attached hereto as **Exhibit "B."**

11. To date, Plaintiff shipped goods to Defendant's designated destination based on the Contracts for a total of $95,367.70. A true and accurate copy of shipping receipts is attached hereto as **Exhibit "C."**

12. Defendant defaulted under the Contracts and made no payments to Plaintiff despite demand.

13. To date, the remaining balance owed to Plaintiff pursuant to the Contracts is $95,367.70, absent interest, costs and attorney's fees.

## CAUSE OF ACTION

### FIRST CAUSE OF ACTION
### (BREACH OF CONTRACTS)
### AS TO DEFENDANT

14. Plaintiff reiterate and incorporate the facts and allegations set forth in all preceding paragraphs as if fully set forth herein.

15. The Contracts were voluntarily executed by Plaintiff and Defendant and constitute a valid and binding contract between Plaintiff and Defendant.

16. Plaintiff performed under the Contracts by shipping.

17. The payment amount of $95,367.70 was to be paid in full within forty-five (45) days of the shipment date.

18. Defendant breached the Contracts by failing to make payments pursuant to the Contracts.

19. Defendant intentionally and deliberately refused to satisfy its obligation to Plaintiff with the intent to deprive Plaintiff of the beneficial use of the sums owing under the Contracts.

20. Plaintiff demands judgment in the amount of $95,367.70, plus additional interest and costs of collection to the date of payment, expenses, attorneys' fees and other such relief as the Court deems just and proper.

**SECOND CAUSE OF ACTION**
**(UNJUST ENRICHMENT)**
**AS TO DEFENDANT**

21. Plaintiff reiterate and incorporate the facts and allegations set forth in all preceding paragraphs as if fully set forth herein.

22. From March 30, 2018, to October 19, 2018, Plaintiff shipped accessories to Defendant's designated destination for a total of $95,367.70.

23. Defendant accepted these shipped accessories and enjoyed the benefits thereof.

24. Defendant has been unjustly enriched in the amount of $95,367.70.

25. Plaintiff did not receive compensation from Defendant for the accessories Plaintiff shipped.

26. Plaintiff demands judgment in the amount of $95,367.70, plus costs, fees and interest, and such other further relief as the Court deems just and proper.

**PRAY FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

(1) On the breach of contract claim in the amount of $95,367.70, plus additional interest and costs of collection to the date of payment, and other such relief as the Court deems just and proper;

(2) On the unjust enrichment claim in the amount of $95,367.70, plus additional interest and costs of collection to the date of payment, and other such relief as the Court deems just and proper;

(3) An award of pre-judgment interest and post-judgment interest, in favor of Plaintiffs and against Defendant in an amount to be determined by this Court;

(4) An award of all incidental and consequential damages to Plaintiff arising from Defendant's conduct, in favor of Plaintiff and against Defendant; and

(5) An award of reasonable attorney's fees, costs and expenses incurred by the Plaintiff to bring this action, in favor of Plaintiff and against Defendant; and

(6) For such further and other relief that this Court deems just, proper and equitable.

## JURY TRIAL WAIVER

Plaintiff, as provided by Rule 38 of the Federal Rules of Civil Procedure, waive a trial by jury in the above-captioned matter.

Dated: January 8, 2019

New York, New York

Respectfully submitted

WONG, WONG & ASSOCIATES, P.C.

BY: _____

Antony Lembersky, Esq. (AL5885)
WONG, WONG & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
*K and J Fashion Company Limited*
150 Broadway, Suite 1588
New York, New York 10038
Tel.:   (212) 566-8080
Fax.:   (212) 566-8960
EMAIL alembersky@wongwonglaw.com